IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| PERRY L. BROCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:17-CV-254-CLC-CHS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MOTION TO WAIVE REQUIREMENT TO MEET AND CONFER

The United States, by and through, Nancy Stallard Harr, United States Attorney for the Eastern District of Tennessee, moves the Court to waive the requirement that the United States meet and confer with the *pro se* Plaintiff prior to filing a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

In an Order entered September 20, 2017, the Court stated that motions to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure are discouraged, where the defect alleged could be cured by the filing of an amended pleading. [Doc. 4 at 1]. Therefore, the Court ordered the parties to "meet and confer prior to the filing of a motion to dismiss to determine whether [a Rule 12(b) motion] can be avoided." [*Id.*]. The United States submits that this requirement should be waived in the instant case.

In his Complaint, Plaintiff alleges a vast government conspiracy. [Doc. 1 at 1]. He avers that numerous torts have been committed by the Government and Government agents in the course of this conspiracy. [*Id.*]. Plaintiff appears to allege that the United States, or its agents, have committed acts that render the United States liable to the Plaintiff pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, the Contract Disputes Act, 41 U.S.C. §§ 7101–7109, and

theories of fraud and breach of contract, constitutional violations, and failure of the United States to intervene on plaintiff's behalf [*See* Doc. 1 at 1, 6]. Plaintiff also asks this Court to find that a decision of the Court of Federal Claims was fraudulently obtained. [*Id.* at 6,7]. This is the fourth suit filed by plaintiff concerning the same subject matter, i.e., the loss of a case in the Court of Federal Claims. *See* Doc. Nos. 1:12-CV-308, 4:14-CV-50, and 4:16-CV-92.

The United States understands that the meet-and-confer requirement eliminates unnecessary motion practice under Rule 12 of the Federal Rules of Civil Procedure and, thereby, ensures the efficient use of party and judicial resources. S*ee* Fed. R. Civ. P. 1. However, in the instant case, the defects in Plaintiff's Complaint are numerous and fundamental, and a motion to dismiss addressing these defects would not be frivolous or unnecessary. The defects in the Complaint are not akin to naming the incorrect party in interest or transposing a statutory citation. To the contrary, the defects that would form the basis of a motion to dismiss by the United States are fundamental errors regarding application of statutes, failures to comply with statutorily-required preconditions to filing, claim preclusion and *res judicata* and significant deficiencies in pleading.

For example, the Complaint does not allege that the Plaintiff has complied with the notice requirements of the FTCA, and thus, the United States may elect to file a motion to dismiss on that basis. This deficiency cannot be cured by a simple amendment if the Plaintiff has not already complied with the notice requirements. If counsel for the United States attempts to explain the FTCA notice process to Plaintiff to "determine whether an amendment could cure [the] deficient pleading," [Doc. 4 at 1], doing so would arguably run afoul of counsel's ethical obligations toward unrepresented persons. *See* Tenn. Sup. Ct. R. 8, RPC 4.3 ("The lawyer shall not give legal advice

to an unrepresented person, other than the advice to secure counsel . . . ."). Further, the claim preclusion issues, a complex and difficult area of the law, raise the same fundamental conundrum.

In sum, the instant Complaint is susceptible to a motion to dismiss based upon numerous, fundamental deficiencies, and the United States avers that these deficiencies cannot be cured by a permissible amendment. Meeting with the Plaintiff to discuss the deficiencies is not likely to be fruitful, and such a meeting may place counsel for the United States in an ethical dilemma. Thus, based upon the foregoing, the United States moves the Court to waive the requirement to meet and confer prior to filing a motion pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

NANCY STALLARD HARR
United States Attorney

By: */s/ M. Kent Anderson*
M. Kent Anderson BPR 004199
Assistant United States Attorney
1110 Market Street, Suite 515
Chattanooga, TN 37402
Kent.Anderson@usdoj.gov
(423) 752-5140

CERTIFICATE OF SERVICE

      I hereby certify that on October 5, 2017, a copy of the foregoing Motion was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via regular U.S. mail. Specifically, a copy of the foregoing has been mailed to Plaintiff at: P.O. Box 8098, Lynchburg, Tennessee 37352 and 157 Dick McGee Road, Lynchburg, Tennessee 37352. Parties may access this filing through the Court's electronic filing system.

                                          By:    /s/s M. Kent Anderson
                                                      Assistant United States Attorney